IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE JUDGE

| | |
|---|---|
| HORIZON LINES, LLC | : |
| Plaintiff | : Court No. 08-9 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Horizon Lines, LLC ("Horizon Lines"), by its undersigned counsel, hereby brings this action against Defendant, United States of America, and as grounds states as follows:

### BACKGROUND

1. This action arises from the denial by Defendant of a Protest challenging the assessment of duties under 19 U.S.C. § 1466 (the "Vessel Repair Statute") on expenses for work done at Guangzhou Wenchong Shipyard in the People's Republic of China ("GWS") from January 12, 2006 to February 8, 2006, during Voyage 213, on the HORIZON CRUSADER, a U.S.-flag, Lancer Class steam vessel (hereinafter "CRUSADER"), which currently operates in the U.S.-Puerto Rico trade.

2. Horizon Lines timely filed with U.S. Customs and Border Protection ("CBP") vessel repair entry No. 410-0077010-1 for the CRUSADER, Voyage 213 (the "Entry"), upon first entry into the United States, on February 26, 2006.

3. CBP assessed duties on the Entry on November 3, 2006 ("Date of the Final Duty Assessment").

4. Horizon Lines timely filed protest number 2002-07-100858 ("the Protest") on February 1, 2007, within 90 days of the Date of the Final Duty Assessment, whereby it contested the assessment of duties as to certain items contained in the Entry.

5. On or about October 23, 2007, Glen E. Vereb, CBP's Chief of Cargo Security Carriers and Immigration Branch granted in part and denied in part the Protest under CBP Ruling HQ H015615 ("Protest Decision"). Mr. Vereb transmitted the Protest Decision to CBP's Vessel Repair Unit ("VRU") on or about November 2, 2007. On or about December 19, 2007, the VRU transmitted CBP's Decision to Horizon Lines.

6. All duties assessed on the Entry covered by the Protest have been paid, as required by 28 U.S.C. § 2637(a).

## JURISDICTION

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a).

## CLAIMS

8. To the extent that the Protest Decision denied the Protest, CBP's denial of the Protest is unreasonable, arbitrary and capricious, and otherwise contrary to law, because CBP ignored evidence supplied by Horizon Lines, which established that the work involved in the application of tin-free anti-fouling coating to the hull of the CRUSADER did not constitute "repairs" or "expenses of repairs" under the Vessel Repair Statute.

9. Further, CBP's denial of the Protest is unreasonable, arbitrary and capricious, and otherwise contrary to law, because CBP arbitrarily and capriciously disregarded well-established judicial precedent and administrative rulings that supported the finding that the application of tin-free anti-fouling coating to the hull of the CRUSADER constituted a non-dutiable modification under the Vessel Repair Statute.

10. Further, CBP's denial of the Protest is unreasonable, arbitrary and capricious, and otherwise contrary to law, because CBP arbitrarily and capriciously disregarded well-established judicial precedent and administrative rulings that supported the finding that the application of the tin-free anti-fouling coating to the hull of the CRUSADER was exempted from duty under the Vessel Repair Statute because it was done to comply with requirements mandated by the International Maritime Organization ("IMO") Convention on the Control of Harmful Anti-fouling Systems on Ships (the "IMO requirements"), as also recognized by the American Bureau of Shipping and the United States Coast Guard.

11. Further, CBP's denial of the Protest is unreasonable, arbitrary and capricious, and otherwise contrary to law because CBP arbitrarily and capriciously disregarded well-established judicial precedent and administrative rulings that supported the finding that the anti-fouling system initial survey conducted on the CRUSADER was to comply with said IMO requirements and was thus exempted from duty under the Vessel Repair Statute.

**WHEREFORE**, Plaintiff respectfully requests that this Court render a judgment that the vessel expenses at issue in this case are non-dutiable; direct the appropriate CBP officer to reassess the duties at issue in accordance with judgment of the Court, and refund to Plaintiff all

excess duties together with interest as provided by law; and award such other relief as the Court may deem appropriate.

Dated: January 14, 2008.

Respectfully submitted,

HORIZON LINES, LLC

By: /s/ Evelyn M. Suarez

Evelyn M. Suarez
Dean A. Barclay
Francisco J. Orellana

WILLIAMS MULLEN
A Professional Corporation
1666 K Street, NW, Suite 1200
Washington, DC 20006
(202) 833-9200  Fax (202) 293-5939
Attorneys for *Horizon Lines, LLC*

Of Counsel:

Robert Zuckerman, Vice President & General Counsel
Horizon Lines, LLC
4064 Colony Road, Suite 200
Charlotte, N.C. 28211

*Admitted in New York and the U.S. Court of International Trade*
*Not admitted in the State of North Carolina*

1549729v3